IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Andrew Bowers, | C/A No. 0:24-287-JD-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden William Langdon, III, | |
| Respondent. | |

Petitioner David Andrew Bowers, a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment. (ECF No. 25.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (ECF No. 26.) Petitioner filed a response in opposition (ECF No. 30), and Respondent replied (ECF No. 31). Having carefully considered the parties' submissions and the record in this case, the court finds that Respondent's motion should be granted and the Petition denied.

## BACKGROUND

In October 2012, the Saluda County grand jury indicted Petitioner for first-degree criminal sexual conduct with a minor. (App. at 471, ECF No. 24-1 at 473.) He was subsequently indicted in February 2013 for criminal solicitation of a minor. (App. at 465, ECF No. 24-1 at 467.) In February 2014, Petitioner proceeded to trial. (App. at 1, ECF No. 24-1 at 3.) He was represented at trial by attorney C. Lance Sheek. (Id., ECF No. 24-1 at 3.) Deputy Solicitor Ervin J. Maye represented the State. (Id., ECF No. 24-1 at 3.) The jury convicted Petitioner of both charges and

the trial court sentenced him to concurrent terms of twenty-five years' imprisonment for criminal sexual conduct with a minor and ten years' imprisonment for solicitation. (App. at 365-66, 370-71, ECF No. 24-1 at 367-68, 372-73.)

Petitioner filed a timely appeal, which Appellate Defender Katharine H. Hudgins perfected through an Anders[1] brief raising one issue:

> Did the trial judge err in refusing to direct a verdict of acquittal for the charge of criminal solicitation of a minor when the State failed to introduce any evidence of the offense?[2]

The South Carolina Court of Appeals affirmed Petitioner's convictions and sentences by unpublished order filed June 25, 2016. State v. Bowers, Op. No. 2016-UP-252, 2016 WL 3200094 (S.C. Ct. App. June 8, 2016). The remittitur was filed June 24, 2016.

Petitioner filed a *pro se* application for post-conviction relief ("PCR") on September 11, 2016, which his counsel, attorney Tommy Thomas, amended on September 12, 2017. (App. at 373-79, ECF No. 24-1 at 375-80 (*pro se* application); App. at 385-88, ECF No. 24-1 at 387-88 (amended application)). In his amended PCR application, Petitioner alleged trial counsel was ineffective for failing "to properly explain the ten (10) year plea offer to" Petitioner.[3] (App. at 386, ECF No. 24-1 at 388.) On February 23, 2018, after briefing by the State, the PCR court held

---

[1] Anders v. California, 386 U.S. 738 (1967), requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

[2] The direct appeal record is not included in the state record before the court. However, the parties agree as to the issue on appeal. (See Pet., ECF No. 1 at 2, Return, ECF No. 24 at 2.)

[3] Petitioner raised other grounds of ineffective assistance of trial counsel that are not relevant here.

an evidentiary hearing on the matter, at which Petitioner and trial counsel testified. (App. at 396, ECF No. 24-1 at 398.) The PCR court denied Petitioner's application by written order dated July 14, 2020. (App. at 447-61, ECF No. 24-1 at 449-63.)

Petitioner appealed the PCR court's decision through a Petition for Writ of Certiorari presenting one issue:

> Whether the PCR court erred in finding that trial counsel provided effective representation where counsel did not adequately and reasonably advise[] Petitioner about the twelve-year[4] plea offer in a clear and prompt manner?

(ECF No. 24-2 at 3.) The South Carolina Court of Appeals denied certiorari on July 21 and remitted the matter to the lower court on August 8, 2023. (ECF No. 24-6 at 1-2.) This action for federal habeas corpus relief followed.

## FEDERAL HABEAS ISSUES

The Petition for a writ of habeas corpus raises the following issue:

**Ground One:** Petitioner was denied his right to effective assistance of counsel under the Sixth and Fourteenths [sic] to the United States Constitution.

**Supporting Facts:** Trial counsel rendered ineffective assistance of trial counsel where trial counsel did not adequately and reasonably advise Petitioner about the twelve-year plea offer in a clear and prompt manner.

(Pet., ECF No. 1 at 5.)

---

[4] The record and briefing refer to the offer as both a twelve-year and ten-year plea offer. The State's offer was for twelve years, which would result in ten years of incarceration under the 85% rule.

DISCUSSION

A.   **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see,

e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 572 U.S. 415, 419 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 572 U.S. at 419-20 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

C.     **Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a

habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d at 447-48; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

In his only ground for relief, Petitioner alleges trial counsel was ineffective for failing to "adequately and reasonably advise Petitioner about the twelve-year plea offer in a clear and prompt manner." (Pet., ECF No. 1 at 5.) Respondent contends this ground is partially procedurally

defaulted and otherwise lacks merit, as the PCR court's decision on this issue was reasonable in both law and fact. (Return, ECF No. 24 at 9, 13-15.)

### 1. Procedural Default Analysis

Respondent argues that the portion of Petitioner's claim asserting trial counsel failed to promptly inform him of the offer was not presented to the PCR court and is thus procedurally defaulted. (Return, ECF No. 24 at 9.) As stated above, Petitioner's claim before the PCR court was that trial counsel failed to "properly explain" the plea offer. (See App. at 386, ECF No. 24-1 at 388.) However, the timing of trial counsel's explanation was addressed at the evidentiary hearing and apparently considered by the PCR court. (See App. at 416-17, 421, 438-39, 457-58, ECF No. 24-1 at 418-19, 423, 440-41, 459-60.) Accordingly, the state court had before it "both the operative facts and the controlling legal principles." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). This court finds the entirety of Petitioner's claim was thus "fairly presented" to the state courts and is therefore subject to federal habeas review. See id.; Gordon v. Braxton, 780 F.3d 196, 201 (4th Cir. 2015) (noting a habeas petitioner satisfies the "fairly presents" requirement where the state court is presented with "both the operative facts and the controlling legal principles").

### 2. Merits Analysis

Petitioner's sole federal habeas claim is that trial counsel failed to provide effective assistance. A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for

resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

As stated above, the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals, which may provide reasons or theories that the appellate court could have relied upon in summarily denying

Petitioner's petition. See Wilson v. Sellers, 138 S. Ct. 1188, 1194-97 (2018) (holding that a federal habeas court should "look through" the unexplained decision to the last related state court decision that provides a relevant rationale, and presume that the unexplained decision adopted the same reasoning, unless the State can rebut the presumption). Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

Petitioner alleges trial counsel was ineffective for failing to properly advise him regarding a plea offer. The Sixth Amendment right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134, 140 (2012). The United States Supreme Court has held that "defendants are entitled to the effective assistance of competent counsel" during plea negotiations. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted). As explained in Hill v. Lockhart, 474 U.S. 52, 57 (1985), the two-part test set forth in Strickland governs ineffective assistance claims involving the plea process. The deficient performance prong remains the same; however, to establish prejudice from deficient performance concerning a plea offer, petitioners must demonstrate a reasonable probability that (1) "they would have accepted the earlier plea offer had they been afforded effective assistance of counsel," and (2) "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." Frye, 566 U.S. at 147. To demonstrate a reasonable probability that he would have accepted a plea, a petitioner's testimony that he would have done so must be credible. Merzbacher v. Shearin, 706 F.3d 356, 366-67 (4th Cir. 2013).

Testimony at the PCR evidentiary hearing showed that trial counsel and Petitioner initially hoped to receive an offer of zero to fifteen years, but the State would not agree to those terms and the victim's family wanted Petitioner to serve at least ten years in prison. (App. at 438, ECF No. 24-1 at 440.) Instead, the State offered a twelve-year plea deal, which would result in Petitioner's serving ten years. (Id., ECF No. 24-1 at 440.) The State informed trial counsel that the offer would be good for that term of court. (Id., ECF No. 24-1 at 440.) Petitioner's case did not go to trial that term, so trial counsel asked if the offer could remain open. (App. at 438-39, ECF No. 24-1 at 440-41.) The State said no, and that Petitioner needed to decide right away. (App. at 439, ECF No. 24-1 at 441.) Trial counsel immediately informed Petitioner and Petitioner knew at that point that he had to accept right then or the offer would expire. (App. at 421-22, ECF No. 24-1 at 423-24.) Both Petitioner and trial counsel agreed that trial counsel advised Petitioner to accept the plea offer rather than go to trial. (App. at 404-05, 435, ECF No. 24-1 at 406-07, 437.) However, Petitioner chose not to accept the offer because he was innocent and "wanted to go to trial." (App. at 422, ECF No. 24-1 at 424.)

The PCR court cited <u>Strickland</u> and its state court equivalents and found trial counsel "adequately and reasonably advised [Petitioner] as to the plea offer" and "cannot be ineffective in failing to advise [Petitioner] about the plea when [Petitioner] admitted he ignored counsel's competent advice to accept the plea without delay." (App. at 453-54, 457-58, ECF No. 24-1 at 455-56, 459-60.) Petitioner fails to show the PCR court's analysis misapplied controlling Supreme Court precedent or relied on an unreasonable factual determination.

As described above, the record supports the PCR court's conclusion that trial counsel accurately communicated the terms of the State's offer to Petitioner. Petitioner's PCR testimony shows he was aware of the offer, the sentence he would be agreeing to, and when the offer would

expire. Petitioner's only possible claim of deficiency concerns the length of time Petitioner had to consider whether to accept the offer. Petitioner asserts trial counsel was aware of the offer "for a number of days but only communicated it to Petitioner on the day it was set to expire." (Pet., ECF No. 1 at 7.) It is unclear from the record whether this is true. However, even accepting the truth of that allegation, Petitioner fails to show the PCR court unreasonably applied controlling federal law to his claim.

"[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 566 U.S. at 145. A failure by counsel to communicate an offer prior to its expiration date is generally considered deficient performance. See id. at 147. Here, it is undisputed that trial counsel communicated the offer prior to its expiration. Moreover, even if Petitioner could show deficient performance, he cannot show prejudice because, according to his own testimony, he chose to proceed to trial based on what he perceived to be a lack of evidence against him and his own desire to prove his innocence. (App. at 410-11, 422, ECF No. 24-1 at 412-13, 424.) He has thus failed to show "a reasonable probability that, but for counsel's errors," he would have accepted the plea offer. Frye, 566 U.S. at 148. Accordingly, Petitioner fails to show the state court's determination of his claim unreasonably applied controlling Supreme Court precedent or was based on an unreasonable determination of the facts.

## RECOMMENDATION

For the foregoing reasons, the court recommends Respondent's motion for summary judgment (ECF No. 25) be granted and the Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 4, 2024
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).