IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Andrew Bowers, | ) | Case No.: 0:24-cv-0287-JD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden William Langdon, III, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Page J. Gossett (DE 32), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Respondent Warden William Langdon, III's ("Warden Langdon") Motion for Summary Judgment (DE 25) seeking to dismiss Petitioner David Andrew Bowers's ("Petitioner" or "Bowers") Section 2254 petition for habeas corpus.[1]

**A. Background**

    The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

1. Procedural History

The Saluda County grand jury indicted Petitioner for first-degree criminal sexual conduct with a minor in October 2012. (App. at 471, DE 24-1 at 473.) Petitioner was later indicted in February 2013 for criminal solicitation of a minor. (App. at 465, DE 24-1 at 467.) In February 2014, Petitioner proceeded to trial. (App. at 1, DE 24-1 at 3.) Petitioner was represented at trial by attorney C. Lance Sheek. (*Id.*, DE 24-1 at 3.) Deputy Solicitor Ervin J. Maye represented the State. (*Id.*, DE 24-1 at 3.) The jury convicted Petitioner of both charges, and the trial court sentenced him to concurrent terms of twenty-five years' imprisonment for criminal sexual conduct with a minor and ten years' imprisonment for solicitation. (App. at 365-66, 370-71, DE 24-1 at 367-68, 372-73.)

Petitioner appealed his conviction, raising one issue: "Did the trial judge err in refusing to direct a verdict of acquittal for the charge of criminal solicitation of a minor when the State failed to introduce any evidence of the offense?" (DE 32 at 2; see also n. 2.) The South Carolina Court of Appeals affirmed Petitioner's convictions and sentences by unpublished order filed on June 25, 2016. *State v. Bowers*, Op. No. 2016-UP-252, 2016 WL 3200094 (S.C. Ct. App. June 8, 2016). The remittitur was filed on June 24, 2016.

Petitioner filed a *pro se* application for post-conviction relief ("PCR") on September 11, 2016, which his counsel, attorney Tommy Thomas, amended on September 12, 2017. (App. at 373-79, DE 24-1 at 375-80 (*pro se* application); App. at 385-88, DE 24-1 at 387-88 (amended application)). Petitioner's amended PCR

application alleged, among other things, that trial counsel was ineffective for failing "to properly explain the ten (10) year plea offer to" Petitioner. (App. at 386, DE 24-1 at 388.) On February 23, 2018, after briefing by the State, the PCR court held an evidentiary hearing on the matter, at which Petitioner and trial counsel testified. (App. at 396, DE 24-1 at 3.) The PCR court denied Petitioner's application by written order dated July 14, 2020. (App. at 447-61, DE 24-1 at 449-63.)

Petitioner appealed the PCR court's decision through a Petition for Writ of Certiorari presenting one issue: "Whether the PCR court erred in finding that trial counsel provided effective representation where counsel did not adequately and reasonably advise[] Petitioner about the twelve-year plea offer in a clear and prompt manner?" (DE 24-2 at 3.) The South Carolina Court of Appeals denied certiorari on July 21 and remitted the matter to the lower court on August 8, 2023. (ECF No. 24-6 at 1-2.)

    2. Habeas Petition

After pursuing his state court remedies, Petitioner filed this action for habeas corpus relief, raising the following issue:

> **Ground One:** Petitioner was denied his right to effective assistance of counsel under the Sixth and Fourteenths [*sic*] to the United States Constitution.
>
> **Supporting Facts:** Trial counsel rendered ineffective assistance of trial counsel where trial counsel did not adequately and reasonably advise Petitioner about the twelve-year plea offer in a clear and prompt manner.

(DE 1 at 5.) Respondent moves for summary judgment on Petitioner's claim that his trial counsel was ineffective for failing to adequately and reasonably advise him about

3

the twelve-year plea offer in a clear and prompt manner because this claim is procedurally defaulted and otherwise lacks merit. (DE 24 at 9, 13-5.)

### B. Report and Recommendation

On October 4, 2024, the Magistrate Judge issued the Report recommending that Respondent's Motion for Summary Judgment (DE 25) be granted. The Report found as to Respondent's procedural default defense that,

> Petitioner's claim before the PCR court was that trial counsel failed to 'properly explain' the plea offer. However, the timing of trial counsel's explanation was addressed at the evidentiary hearing and apparently considered by the PCR court. Accordingly, the state court had before it 'both the operative facts and the controlling legal principles.' This court finds the entirety of Petitioner's claim was thus 'fairly presented' to the state courts and is therefore subject to federal habeas review.

(DE 32 at 8) (internal citations omitted.) As for Petitioner's claim on the merits, the Report found that,

> the record supports the PCR court's conclusion that trial counsel accurately communicated the terms of the State's offer to Petitioner. Petitioner's PCR testimony shows he was aware of the offer, the sentence he would be agreeing to, and when the offer would expire. Petitioner's only possible claim of deficiency concerns the length of time Petitioner had to consider whether to accept the offer. Petitioner asserts trial counsel was aware of the offer 'for a number of days but only communicated it to Petitioner on the day it was set to expire.' (Pet., ECF No. 1 at 7.) It is unclear from the record whether this is true. However, even accepting the truth of that allegation, Petitioner fails to show the PCR court unreasonably applied controlling federal law to his claim.

(DE 32 at 11-12.) On October 21, 2024, Petitioner objected to the Report.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted

4

by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D. Plaintiff's Objections**

> 1. The Magistrate Judge erred in finding that the State PCR Court did not unreasonably misapply the *Strickland* test in determining that no Sixth Amendment violation occurred. (DE 34 at 1.)

Petitioner contends the Report misapplies *Strickland* because the Magistrate Judge overlooked trial counsel's testimony at the State PCR Court's evidentiary hearing. (DE 34 at 2.) This Court disagrees. To begin with, as stated in the Report, to demonstrate ineffective assistance of counsel, a petitioner must show, under the two-prong test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. *Id.* at 687.

> To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

5

result of the proceeding would have been different.' *Strickland*, 466 U.S. at 694.

(DE 32 at 9.)  The United States Supreme Court has held that "defendants are entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (internal quotation marks omitted).

> [T]he two-part test set forth in *Strickland* governs ineffective assistance claims involving the plea process. The deficient performance prong remains the same; however, to establish prejudice from deficient performance concerning a plea offer, petitioners must demonstrate a reasonable probability that (1) 'they would have accepted the earlier plea offer had they been afforded effective assistance of counsel,' and (2) 'the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.' To demonstrate a reasonable probability that he would have accepted a plea, a petitioner's testimony that he would have done so must be credible.

(DE 32 at 10) (internal citations omitted.)

The Court has considered the purported testimony of trial Counsel offered in Petitioner's objection. Even accepting Petitioner's account of the testimony (DE 34 at 2), the Report accurately summarizes trial counsel's testimony. The Report ably and comprehensively says:

> Testimony at the PCR evidentiary hearing showed that trial counsel and Petitioner initially hoped to receive an offer of zero to fifteen years, but the State would not agree to those terms and the victim's family wanted Petitioner to serve at least ten years in prison. Instead, the State offered a twelve-year plea deal, which would result in Petitioner's serving ten years. The State informed trial counsel that the offer would be good for that term of court. Petitioner's case did not go to trial that term, so trial counsel asked if the offer could remain open. The State said no, and that Petitioner needed to decide right away. Trial counsel immediately informed Petitioner and Petitioner knew at that point that he had to accept right then or the offer would expire. Both Petitioner and trial counsel agreed that trial counsel advised Petitioner to accept the plea offer rather than go to trial. However, Petitioner chose not to accept the offer because he was innocent and 'wanted to go to trial.'

(DE 32 at 11) (internal citation omitted.) The PCR Court and the Magistrate Judge have identified in the record where trial counsel accurately communicated the terms of the State's offer to Petitioner before its expiration. When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); see also *White v. Woodall*, 572 U.S. 415, 419 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted). Since the Court finds no unreasonable application of federal law, the Court overrules this objection.

> 2. The Magistrate Judge erred or overlooked counsel Sheek's testimony indicating that he was aware of the offer for a number of days but only communicated it to Petitioner on the day it was set to expire. (DE 34 at 3.)

Petitioner also objects that the Magistrate Judge erred when the Report overlooked the timeliness of trial counsel's communication of the plea offer. At the outset, the Report did not sidestep this question. The Report says,

> Petitioner's only possible claim of deficiency concerns the length of time Petitioner had to consider whether to accept the offer. Petitioner asserts trial counsel was aware of the offer 'for a number of days but only communicated it to Petitioner on the day it was set to expire.' (Pet., ECF No. 1 at 7.) It is unclear from the record whether this is true. However, even accepting the truth of that allegation, Petitioner fails to show the PCR court unreasonably applied controlling federal law to his claim.

7

(DE 32 at 12.) Even though trial counsel did not communicate the offer when it was given, it was communicated before it expired. More importantly, Petitioner's testimony shows that he chose to proceed to trial based on what he perceived as a lack of evidence against him and his desire to prove his innocence. (App. at 410-11, 422, DE 24-1.) Since the Court finds no error, the Court overrules this objection.[2]

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 32) and incorporates it here by reference.

It is, therefore, **ORDERED** that Respondent's motion for summary judgment (DE 2) is granted and Petitioner's section 2254 petition for habeas corpus is dismissed. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 5, 2024

---

[2] Petitioner also objects because "[t]he Magistrate Judge erred in finding that Petitioner failed to show 'a reasonable probability that, but for counsel's errors,' he would have accepted the plea offer." (DE 34 at 3.) Petitioner offers nothing more to support this objection. Nevertheless, as noted here, the record supports a finding that Petitioner chose to proceed to trial based on what he perceived to be a lack of evidence against him and his own desire to prove his innocence. (App. at 410-11, 422, DE 24-1.) Accordingly, the Court finds no unreasonable application of federal law, and thus overrules this objection.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.